Taft, J.
The dealer complains because it is now required to pay the sales tax “by cash, certified check, draft, or money order” with the application for a certificate of title for the purchaser of an automobile, instead of being allowed to make such payment by presenting prepaid tax receipts with that application, as it was permitted to do prior to the amendments of Sections 4505.06 and 5739.03, Revised Code, that became effective July 1, 1959.
In order to understand one of the dealer’s reasons for such a complaint, it is necessary to consider Section 5739.07, Revised Code. So far as pertinent, that statute reads:
“All * * # prepaid tax receipts shall be sold and accounted *357 for at a discount of not to exceed two per cent of the face value, as a commission for handling and cancelling such prepaid tax receipts.”
The principal complaint of the dealer is its loss of the two per cent commission.
The dealer contends that the state singled out the automobile dealer and determined that such automobile dealer shall receive no compensation for the collection of the sales tax on the sale of an automobile but that every other vendor shall be paid compensation for collection of the sales tax on their sales; that this constitutes a discrimination so arbitrary and unreasonable as to amount to a denial of due process of law as well as of the equal protection of the law; and that this requires a holding that those amendments to Sections 4505.06 and 5739.03, Revised Code, are unconstitutional.
The dealer admits that the state would not be required to pay compensation to any vendor for collecting the sales tax on his retail sales, but contends that, if the state does undertake to pay such compensation to vendors generally, it cannot exclude automobile dealers from the right to such compensation for collecting the sales tax on retail sales of automobiles.
However, under the words of Section 5739.07, Revised Code, the two per cent is “a commission for handling and cancelling * * * prepa|¿ tax receipts,” — not compensation for collecting the sales tax. Under the amendments to the law complained of by the dealer, the dealer is no longer required to handle or cancel prepaid tax receipts on the sale of an automobile. Hence, there is no reason for paying him a commission for doing so.
The dealer contends that it is prejudiced by those amendments not only by being denied the opportunity of getting the two per cent commission on sales of automobile but also by being deprived of the opportunity of giving its customers tax stamps on such sales which they can give to charitable or other organizations for redemption pursuant to Sections 5741.08 and 5741.09, Revised Code. Even assuming the validity of these contentions, it does not necessarily follow, as the Court of Appeals held, that there is an unwarranted discrimination against it as an automobile dealer.
The General Assembly has the right to designate the sellers *358 of automobiles as a class to be deprived of those opportunities without depriving other vendors of such opportunities if there is a real and substantial reason for doing so. In our opinion, there is.
The sales tax stamp system was apparently devised to enlist the help of the purchaser and of the vendor in collecting that tax. The extent to which the General Assembly had this in mind is indicated by the provisions of Section 5741.08, Revised Code, for redemption of sales tax stamps at two per cent of their face value by charitable and other organizations “to obtain the assistance [of such organizations] in the collection of” sales and use taxes.
In collecting the tax on the sale of an automobile the state does not need the help of the seller or of others to the extent that it needs such help in collecting the tax on the sale of other kinds of personal property. By reason of the certificate of title law, a purchaser from an automobile dealer gets no “right, title, claim, or interest in or to” the purchased automobile until a certificate of title is issued to such purchaser. Section 4505.01 et seq., Revised Code. Because of these provisions, it must have been clear to the General Assembly that the most certain method of collecting the tax on the sale of an automobile by a dealer was to have it collected by the public official who was authorized to issue the certificate of title. There is no such certain method of collecting the tax on retail sales of other kinds of personal property.
It is apparent therefore that, with respect to the tax on the retail sale of an automobile by a dealer, there is no need to call upon anyone to insure the collection of such tax other than the public officer authorized to issue the certificate of title. On the other hand, since there is no such certain method of collection of the tax on retail sales of other kinds of property, it is necessary, in order to assist in collecting the tax, to enlist and pay for the support, and help of the vendor and others in the handling and collection of prepaid tax receipts (i. e., sales tax stamps).
What we have said with respect to the action brought by the dealer in case No. 36873 obviously disposes of the action brought by the buyer of the automobile in case No. 36874.
*359 It follows that the judgment of the Court of Appeals in each case must be reversed, and that of the Common Pleas Court in each case must be affirmed.

Judgments reversed.

Weygandt, C. J., Zimmerman, Matthias, Bell, Eadcliee and O’Neill, JJ., concur.
Eadcliee, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.